## Weiermuller v. American Ice Company.

*Negligence—Driver of ice-wagon intimidating small boy stealing ride on rear platform into jumping off.*

1. It is wantonness or recklessness on the part of the driver of a moving vehicle, traveling in traffic on a public highway, to use a whip and imperious language to frighten a seven-year-old boy into jumping or falling off the vehicle.

2. Where the plaintiff, a boy of seven, testified that he was stealing a ride on the rear platform of a horse-drawn ice-wagon owned by the defendant, and that its driver shouted to him to "get the hell off" and he heard a crack against the side of the wagon like a hammer and jumped or fell off and was run over by a following truck, receiving the injuries for which suit was brought, and he was corroborated by another small boy who testified that he saw the driver swing a whip and heard him curse and halloo at the boys, a verdict for plaintiff was sustained on the ground that the driver was bound to know that he would put the boys in jeopardy by forcing them off a moving wagon in the midst of traffic.

Motion for judgment *n. o. v.* C. P. No. 2, Phila. Co., Dec. T., 1923, No. 488.

*Robert E. Bernstein,* for plaintiff; *Frank R. Savidge,* for defendant.

Lewis, J., Jan. 22, 1926.—If defendant's motion was for a new trial of this case, we should feel very much inclined to require that a second jury should pass upon the interesting and close questions involved. The evidence offered on behalf of plaintiff was weak when contrasted with that of defendant, particularly as to the ownership of the ice-wagon from which the plaintiff boy fell. A new trial is not asked for, but defendant's counsel has forcefully and earnestly urged his contention that judgment should be entered for the defendant, notwithstanding the verdict.

His first point is that there is no sufficient proof of negligence on the part of defendant to support the verdict. With this we cannot agree. The gist of the allegation of negligence in the plaintiff's statement of claim was that, while the minor plaintiff, then about seven years of age, was stealing a ride on the rear platform of a horse-drawn ice-wagon owned by defendant, defendant's driver, by the use of a whip, put the boy in fear and thereby frightened

Weiermuller *v.* American Ice Company.

or intimidated him into falling or jumping off the moving wagon, with the result that the boy fell in front of an approaching truck and was injured. On the testimony of the boy plaintiff alone, no recovery would be permitted. He neither saw the driver nor the whip, and under the pleadings the use of a whip must have been shown. The boy heard two sounds—a voice ordering him to "get the hell off," and a noise like the crack of a hammer on the side of the wagon. This latter noise may have been caused accidentally or intentionally by any number of things and not at all by the driver. But a second boy witness furnished evidence from which the jury could justly find that the crack or noise came from the swinging of a whip by the driver, and also corroborated the plaintiff boy in his testimony that the driver cursed or hallooed at the one or both of the boys riding on the wagon-step.

The trial judge can say from experience that the natural state of mind of a boy stealing a ride on the back step of an ice-wagon is that of fear—fear of being chased off. The thrill or excitement that a boy experiences in the doing of something that is forbidden is the attraction to the act. This, however, must be known to adults, including the drivers of such vehicles as ice-wagons, which have always been particularly inviting to small boys, and these drivers must govern their actions by the light of this general knowledge of a child's reactions. Of course, the mere fact that the boy was in fear, and through fear, or haste due to fear, fell to the street, would create no cause of action against this defendant. However, the testimony of the two boys, taken together, was sufficient, notwithstanding the youth of these witnesses, to support a conclusion by the jury that the driver made use of a whip to force or frighten both boys off the moving wagon at a time when it was traveling on a public highway where other traffic in the rear of the wagon was to be anticipated. The driver was bound to know that he would put the boys in jeopardy by forcing them off the moving wagon in the midst of traffic. While the plaintiff boy himself did not see the whip, yet his companion said that he saw it, and we are not persuaded that it was essential to the plaintiff's case that it should be proved that the plaintiff boy's fear was engendered by a whip visible to his eye. If he surmised that the noise on the side of the wagon was the noise of the crack of a whip, then, according to his companion, his surmise was correct. It is possible that he may have felt the same degree of fear as the result of a noise not made by a whip or anything motivated by the driver, but where positive evidence is available that one state of facts existed, we are not free in disposing of such a motion as this to conjecture that the result may have flowed from another cause, and that the alleged cause did not exist.

The testimony of the two boys as to the swinging of a whip, considered, as it should be, in connection with their testimony as to the driver's commands to or hallooing at them, certainly is sufficient, if believed, to furnish support for the conclusion that the driver made use of a whip in order to force or impel the boys to leave the ice-wagon, and all the witnesses agreed that the wagon was moving at the time plaintiff boy fell or jumped off, and that just in the rear of this moving wagon was the automobile truck which ran over the child.

The identification of the vehicle as an "American Ice" wagon depended almost entirely upon testimony given by the two little boys, and it is quite possible that their statements may have been the result of association of ideas, such as greater familiarity with the wagons of the defendant company because of the larger number of such wagons traveling the public streets. On the other hand, some basis for accurate judgment from observation was

disclosed by the boys, despite their youth, and their testimony was sufficient in quantity and value, if believed, to fairly satisfy the minds of the jury on this point, so essential to the plaintiff's right of recovery against this defendant. In other words, we cannot say as a matter of law that the evidence of identification of the wagon with the defendant was not sufficient to meet the burden of proof that, of course, rested upon the plaintiff.

We have not discussed the element of wantonness in the conduct of the driver. It is wantonness or recklessness on the part of a driver of a moving vehicle, traveling in traffic on a public highway, to use a whip and imperious language to frighten a seven-year-old boy into jumping or falling off such moving vehicle.

Judgment n. o. v. is refused.